UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT JAMES SCHORNIK III,

    Plaintiff,

v.                                             Case No.:  2:25-cv-1097-SPC-DNF

LEE COUNTY JAIL *et al.*,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Robert James Schornik III's Amended Complaint (Doc. 3). Schornik is a pretrial detainee in Lee County Jail pending a state criminal case. He sues the jail, the Lee County public defender's office, the Lee County Circuit Court, and four jail officials under 42 U.S.C. § 1983. Schornik is litigating *in forma pauperis*, so the Court must review the complaint *sua sponte* to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages against a party who is immune from such relief. *See* 28 U.S.C. 1915(e)(2).

Schornik asserts three claims. The first two regard his pending state criminal case. In Count 1, Schornik complains he was not present at his initial arraignment, and in Count 2, he claims the state prosecutor made a mistake in the point sheet used to calculate the potential sentencing range. Federal

courts are not intended as a "pre-trial motion forum for state prisoners." *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 493 (1973). Further, principles of equity, comity, and federalism require the Court to abstain from interfering in state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 45 (1971). Schornik provides no reason for this Court to overlook the abstention principle. Nor does he allege any facts that warrant application of any exception to the *Younger* doctrine.

The state criminal court is the proper place for Schornik to raise concerns about his pending criminal case. If Schornik is convicted, he may collaterally attack any resulting incarceration by filing a petition for a writ of habeas corpus after exhausting state remedies. But the allegations in his first two counts cannot support a § 1983 claim.

In Count 3, Schornik claims Officer Heine assaulted him by threatening bodily harm. On July 29, 2025, Schornik was transferred to a cell supervised by Heine. When Schornik asked for his property to be moved to his new cell, Heine threatened to "slap the shit out of" him. (Doc. 1 at 7). Schornik reported the incident, and he accuses officers Perez and Scott of covering it up. Count 3 fails because "verbal abuse alone is insufficient to state a constitutional claim." *Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 866 (11th Cir. 2008).

For these reasons, the Court will dismiss Schornik's complaint for failure to state a claim. As the Court explained above, Schornik may not challenge

his pending state criminal case in this action, so amending those claims would be futile. But if Schornik believes jail officials have violated his constitutional rights, he may file an amended complaint.

Accordingly, it is now

**ORDERED:**

Plaintiff Robert James Schornik III's Amended Complaint (Doc. 3) is **DISMISSED without prejudice**. Schornik may file a second amended complaint within **14 days** of this Order. Otherwise, the Court will enter judgment and close this case without further notice.

**DONE** and **ORDERED** in Fort Myers, Florida on December 22, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

3