UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT JAMES SCHORNIK III,

      Plaintiff,

v.                                                    Case No.:  2:25-cv-1097-SPC-DNF

LEE COUNTY JAIL,

      Defendants.

                         /

## OPINION AND ORDER

Before the Court is Plaintiff Robert James Schornik III's second amended complaint (Doc. 11).  Schornik is a pretrial detainee in Lee County Jail.  In his first amended complaint, Schornik asserted two claims relating to his pending state criminal case, and he alleged a jail officer threatened to slap him.  The Court dismissed the amended complaint for failure to state a claim and gave Schornik leave to amend again.

In his second amended complaint, Schornik claims the jail has refused to give him certain medical records, disciplinary records, and legal research.  Schornik does not identify the intended legal basis of his new claim, but the factual allegations suggest an access-to-court claim.

State officials may not obstruct a detainee's access to the courts. *Wright v. Newsome*, 795 F.2d 964, 968 (11th Cir. 1986).  To state an access-to-the-court

claim, a detainee must show actual injury—*i.e.*, that the defendant's conduct "hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). As the Supreme Court explained in *Lewis*, "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." 518 U.S. at 351. A plaintiff "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* And "the injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* at 354. A plaintiff must show that officials "hindered his efforts to proceed with a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights." *Wilson v. Blankenship*, 163 F.3d 1284, 1291 (11th Cir. 1998) (internal quotation marks and citation omitted).

Schornik fails to state an access-to-court claim because he does not identify a nonfrivolous claim or defense hindered by jail officials. What is more a a municipality like Lee County can only be liable under 42 U.S.C. § 1983 if "the alleged constitutional harm is the result of a custom or policy." *Brennan v. Headley*, 807 F. App'x 927, 937 (11th Cir. 2020); s*ee also Monell v. Dep't of Soc. Sec. Servs. of City of New York*, 436 U.S. 658 (1978). Schornik does not identify a practice or policy that caused him harm.

Accordingly, it is now

**ORDERED:**

Plaintiff Robert James Schornik III's second amended complaint (Doc. 11) is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on January 6, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record